CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 22 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JEROME H. IRICK and BEVERLY J. IRICK, Plaintiffs, | Civil Action No. 5:07cv00095 |
| v. | **MEMORANDUM OPINION AND ORDER** |
| COLUMBIA GAS TRANSMISSION CORPORATION, Defendant. | By: Samuel G. Wilson United States District Judge |

Columbia Gas Transmission Corporation ("Columbia") is a natural gas company as defined by the Natural Gas Act ("NGA") with the authority to condemn easements in order to construct and maintain natural gas pipelines. 15 U.S.C. §§ 717a(6), 717f(h) (2000). Columbia instituted a condemnation action in this court seeking to condemn a segment of a parcel of Beverly and Jerome Irick's property necessary for the construction of a new pipeline. The Iricks permitted Columbia to have access to their property to construct the pipeline as shown on a plat filed in the condemnation proceeding, leaving the issue of valuation for trial. However, the Iricks brought this inverse condemnation action in state court claiming that Columbia actually took property Columbia did not seek to take under the Natural Gas Act, and the Iricks seek attorneys fees under Va. Code § 25.1-420. Columbia removed the action under this court's removal jurisdiction based upon diversity of citizenship.

The matter is now before the Court on Columbia's motion to dismiss. Columbia maintains that the Iricks' complaint is vague and conclusory, so as not to permit a determination

of what property the Iricks claim Columbia has taken that is not subject to the condemnation proceeding under the Natural Gas Act. Columbia also maintains that the Iricks' cannot recover attorneys fees under Va. Code § 25.1-420 because that code provision applies to state agencies which Columbia is not.

Under the circumstances, the court agrees that the Iricks' have failed to specify with reasonable particularity the property Columbia has allegedly taken that is not subject to the pending condemnation proceeding under the Natural Gas Act, and that Columbia cannot reasonably be required to frame a responsive pleading. Accordingly, the Court will grant Columbia's motion to dismiss unless the Iricks amend their complaint within 10 days to identify specifically the property they allege Columbia has wrongfully taken. The court also finds that the Virginia code section relied upon to support an award of attorney fees does not apply to Columbia because Columbia is not a state agency.

# I

On January 25, 2007, Columbia filed a complaint in this court pursuant to the Natural Gas Act to condemn the property interests necessary for the construction and operation of a new interstate pipeline through Page, Rockingham and Shenandoah counties in Virginia. Complaint at 1, Columbia Gas Transm. Corp. v. An Easement to Construct and Maintain a 24-Inch Gas Transmission Pipeline Across Properties in Page, Rockingham and Shenandoah Counties, Va. Owned by Glen W. Turner et al., No. 5:07CV00009 (W.D. Va. Jan. 25, 2007). Columbia filed a precise description of the necessary property rights that it proposed to take in order to construct and maintain the new pipeline. This court severed the condemnation action, creating separate actions as to each distinct separate parcel.

Columbia filed a plat specifically showing the segment of the Iricks' parcel that it sought to condemn. The segment comprised a 100-foot wide tract extending out 50 feet on either side of the new pipeline. See attached exhibit. The outer 25 feet on either side of this tract are a temporary construction right-of-way and the central 50 feet are a permanent right-of-way for operation and maintenance of the pipeline. The path of the condemned property enters the Iricks' parcel of land north of the middle of its western edge and continues south-southwest for about 550 feet before turning and continuing southwest for the remaining 550 feet. The tract passes out of the Iricks' property through the southwest corner. See attached exhibit.

After Columbia filed its complaint, the Iricks allowed Columbia to enter onto their land to perform the necessary construction work. Columbia constructed the section of the pipeline traversing the Iricks' property and removed their workers and equipment from the site. The Iricks however, brought this inverse condemnation action seeking a declaratory judgment. The Iricks' complaint alleges that Columbia's has taken property that Columbia has not sought to condemn under its power of eminent domain. Complaint at 3, Irick v. Columbia Gas Transm. Corp., 5:07CV00095 (W.D. Va. Aug. 15, 2007).

## II

The Natural Gas Act gives exclusive federal jurisdiction over the transportation and sale for resale of natural gas in interstate commerce, preempting any state regulation. 15 U.S.C. §§ 717-717z (2000). Under the NGA, a gas transportation company may acquire "the necessary right-of-way to construct, operate, and maintain a pipeline . . . by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . . " 15 U.S.C. § 717f(h) (2000). The NGA provides that the procedure in an

3

eminent domain action in federal court shall conform as nearly as possible with the procedure in similar actions in the courts of the state where the property is located. Id. Therefore, when a gas transportation company brings a condemnation proceeding in federal district court in Virginia, the court, following Virginia statutory procedure, empanels a jury to determine what compensation the company will pay property owners for the necessary rights in their property. 15 U.S.C. § 717f(h) (2000); Va. Code Ann. § 25.1-220 (2006). Nothing in the NGA limits the eminent domain power of the natural gas transportation company to condemn property as long as the property condemned is necessary for the pipeline and the company fully compensates the landowner for the taking. 15 U.S.C. § 717f(h) (2000).

An inverse condemnation proceeding is a "shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings *have not been instituted*." United States v. Clarke, 445 U.S. 253, 257 (1980) (emphasis added). Here, Columbia has instituted condemnation proceedings against the Iricks' property, and the court cannot discern what segment of the property the Iricks' action implicates. Rather, the Iricks simply allege that some segment or segments of property taken by Columbia lay outside of the boundaries of the land included in Columbia's condemnation complaint. The court concludes that Columbia cannot prepare a defense against the Iricks' complaint unless it knows specifically where the Iricks claim that Columbia's taking exceeds the boundaries of the property it seeks to condemn under the NGA.

A claim will be dismissed unless the allegations "are enough to raise the right to relief above speculative level . . . on the assumption that all the allegations in the complaint are true . . ." Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1965 (2007). In order to raise

4

their right to relief on these allegations above a speculative level, the Iricks must amend their complaint to specify precisely what parts of their property Columbia has allegedly taken without instituting condemnation proceedings. If the amended complaint does not include a reasonably precise description of the segment of their property they allege was taken but not subject to Columbia's condemnation action, the court will grant the motion to dismiss.[1] The court will grant the Iricks 10 days to comply.

### III

Virginia Code § 25.1-420 provides for attorney's fees in a declaratory judgment proceeding under Va. Code § 8.01-187 where plaintiff seeks relief for the taking of his property "by a state agency." Va. Code Ann. § 25.1-420 (2007). Section 25.1-400 defines a state agency as an instrumentality or division of the Commonwealth or a person with the "authority to acquire property by eminent domain under *state law*." Va. Code Ann. § 25.1-400 (2007) (emphasis added). The NGA is federal law which gives Columbia Gas the power to condemn property in order to construct and maintain interstate pipelines. Therefore Va. Code § 25.1-420 is inapplicable, and the court will dismiss the Iricks' claim for attorney's fees under that provision.

### IV

For the reasons stated herein, the Court will **GRANT** Columbia's motion to dismiss unless the Iricks amend their complaint within 10 days to identify specifically the property they

---

[1] The court finds the Iricks' complaint is insufficient and subject to dismissal. Fed. R. Civ. P. 12(b)(6). However, the court is ordering a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(e). The Iricks can ensure compliance with the requirements of a "reasonably precise description" by including a map with the amended complaint showing the property in controversy.
5

allege Columbia has wrongfully taken. Additionally, the court **DISMISSES** the Iricks' claim for attorney's fees under Va Code § 25.1-420.

It is so **ORDERED.**

ENTER: This 22nd day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE